IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HOLLY SEEGMILLER,<br><br>                Plaintiff,<br><br>        v.<br><br>MACEY'S INC., a Utah corporation; and MAX BROADHEAD, an individual<br><br>                Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:12-cv-00875<br><br>Magistrate Judge Dustin Pead |

This matter is assigned to Magistrate Judge Dustin Pead pursuant to the parties' consent to jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 9, 25). Currently pending before the Court is Macey's Inc. and Max Broadhead's (collectively "Defendants") Motion To Compel Holly Seegmiller's ("Plaintiff") Medical Records (Dkt. No. 26). After careful review of the parties' memoranda, the Court concludes that oral argument would not materially assist in the determination of this matter. *See* DUCivR 7-1(f).

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint as filed with the Court on March 18, 2013 (Dkt. No. 20).

On November 18, 2009, Plaintiff began her employment as a delicatessen worker at Macey's grocery store located in Pleasant Grove, Utah. *Id.* In October of 2012, Max Broadhead was promoted to delicatessen manager and became Plaintiff's immediate supervisor. *Id.* As her supervisor, Broadhead repeatedly subjected Plaintiff to numerous instances of unwelcome sexual

conduct and harassment.[1]  *Id.*  Although Plaintiff reported the harassment to Macey's management, the store "took no action to investigate the complaint or to stop the harassment from continuing." *Id.* at ¶13.  In retaliation for reporting the harassment, Plaintiff claims that she was given reduced work hours and prohibited from transferring to an alternate store located in Lehi, Utah.  *Id.*

Based upon these events, Plaintiff filed her Amended Complaint alleging causes of action against Defendant Maceys for Sexual Harassment (count 1) and Retaliation (count 2) in violation of Title VII of the Civil Rights Act of 1964, and Negligent Supervision and Retention (count 4), and against Defendant Broadhead for Intentional Infliction of Emotional Distress (count 3).  *Id.*  Plaintiff is seeking lost wages, special, general and punitive damages.  *Id.*

## MOTION TO COMPEL

On May 14, 2013, in response to Plaintiff's objection to Defendants' subpoenas,[2] Defendants filed a "Motion To Compel" requesting that the Court order Plaintiff's medical providers to comply with the subpoenas and provide access to Plaintiff's medical and psychological records (Dkt. No. 26).  Defendants assert that access is warranted because the records are critical to an evaluation of Plaintiff's claims for emotional and psychological harm

---

[1] Specifically, Plaintiff alleges that Mr. Broadhead made vulgar and sexually demeaning comments to her about other female employees and customers, told Plaintiff she would get a raise if she showed him her breasts, and forced Plaintiff to look at pornographic photographs and videos on his cell phone.  *Id.*

[2] *See* Dkt. No. 26-4, Letter to Defendants stating "Plaintiff Holly Seegmiller objects to and opposes the subpoenas and production of any and all medical and psychological records regarding plaintiff, on all available legal grounds, including her rights of privacy, physician-patient and psychologist-therapist privilege, and undue prejudice." *See* Dkt. No. 27, Plaintiff's former therapist, Cindy White, filed a formal objection to Defendants' subpoena asserting that the records sought are protected by the patient-therapist privilege.

(Dkt. No. 26).

Plaintiff objects, arguing that her medical records are not relevant and that she has not waived the therapist-patient privilege (Dkt. No. 31).  Further, to the extent that the privilege is at issue, Plaintiff "withdraws any claim to emotional distress damages which would require her to allow the disclosure of her therapist's notes." *Id.* at 4.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In accordance with the rule's broad construction of relevance, courts have held that "discovery requests seeking an employment discrimination plaintiff's medical and psychological records are . . . relevant as to both causation and the extent of plaintiffs alleged injuries and damages for emotional pain, suffering, and mental anguish." *Combe v. Cinemark, USA, Inc.,* 1:08-CV-142 TS, 2009 U.S. Dist LEXIS 99820 *6 (D. Utah Oct. 26. 2009) (citing *Owens v. Sprint/United Management Co.,* 221 F.R.D. 657, 659-660) (D. Kan. 2004)); *see also Becker v. Securitas Sec. Servs. USA, Inc.,* 2007 U.S. Dist. LEXIS 15818, 2007 WL 677711 (Mar. 2, 2007) (medical records discoverable in a Title VII employment discrimination action claiming emotional distress); *Sims v. Unified Gov't of Wayandotte County/Kansas City,* 2001 U.S. Dist. LEXIS 16211, No. Civ. A. 99-2406-JWL, 2001 WL 1155302, *3 (D. Kan. May 1, 2001) (plaintiff placed mental and emotional state at issue by claiming damages for mental anguish and emotional distress in connection with her Title VII discrimination and retaliation claims).  In

addition, a plaintiff's medical records are relevant to the "preparation of defendant's defenses against the emotional distress claims because the records may reveal another source of stress unrelated to defendant which may have affected a plaintiff's emotional distress." *Combe* at *6 (citing *EEOC v. Sheffield,* 2007 U.S. Dist. LEXIS 43070, 2007 WL 1726560, at *4) (M.D.N.C. June 13, 2007).

Here, Plaintiff puts her medical and psychological health at issue by seeking to recover damages for emotional distress.  Specifically, Plaintiff asserts that as a result of Defendants actions she has suffered "physical and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, [and] emotional distress. . . . ."  (Dkt. No. 20).[3]  Under such circumstances, access to Plaintiff's medical and mental health records is warranted so that Defendants may evaluate, for purposes of their own defense, whether Plaintiff's emotional distress stems from her allegations, a pre-existing condition or from events entirely unrelated to the Defendants.

While Plaintiff argues that the psychotherapist-patient privilege as established in *Jaffe v. Redmond,* 518 U.S. 1 (1996) is "sacrosanct," numerous courts have concluded that such privilege is not absolute and that "similar to [the] attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d

---

[3]While the issue was not raised by Plaintiff, the Court notes that "[m]edical records relating to treatment and counseling are relevant even when plaintiff seeks 'garden variety' emotional damages under Title VII." *Combe* at *6 (citing, *Wooten v. Certainteed Corp.,* 2009 WL 2407715, at *1 (D. Kan. Aug. 4, 2009).   Here, Plaintiff seeks emotional distress damages against Defendant Maceys (count 4), and has brought a direct claim for intentional infliction of emotional distress against Defendant Broadhead (count 3) (Dkt No. 20).

818, 823 (8th Cir. 2000) (collecting cases) (cited in *Fisher v. Sw. Bell Tel. Co.,* 361 F. App's 974, 978 (10th Cir. 2010) (unpublished decision); *see also Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006) (stating the psychotherapist-patient privilege is not absolute and therefore a plaintiff who seeks damages for emotional distress "places his or her psychological state in issue, [and] the defendant is entitled to discover any records of that state."). The Court finds these cases persuasive and agrees that by placing her medical condition at issue Plaintiff waived the psychotherapist-patient privilege.

  For the above stated reasons, the Court finds that Plaintiff has put her medical and psychological health at issue by seeking to recover damages for emotional distress. As a result, the Court concludes that Plaintiff's records are discoverable and Defendants' Motion To Compel is hereby GRANTED.[4] Plaintiff indicates that she intends to "withdraw[] any claim to emotional distress damages which would require her to allow the disclosure of her therapist's notes." (Dkt. No. 31). Accordingly, the Court Orders that if Plaintiff intends to withdraw any claims, she do so by filing a formal Motion To Amend her Complaint within twenty (20) days from the date of this Ruling.

          DATED this 19th day of June, 2013.

          _____
          Dustin Pead
          U.S. Federal Magistrate Judge